CHARLES G. FAIRCHILD, GEORGE WELLS, AND CHESTER
COOLEY, ADMINISTRATOR, *v.* CARLOS KEITH.

In an action on the official bond of a justice of the peace, the petition stated
that in an action pending before the justice the plaintiff recovered a
judgment against the defendant for ninety dollars, and that on the ren-
dition of the judgment the plaintiff requested the justice to issue exe-
cution thereon immediately, and the breaches assigned were, that the
justice had neglected to make any entry on his docket except the words,
" Judgment $90," and had also neglected to issue execution. *Held:*

1. That the judicial action of the justice was complete when he had consid-
ered and determined upon the judgment to be rendered.
2. That the words, " Judgment $90," as entered on the docket, *prima facie*
show that the justice had rendered judgment in the case, and this in con-
nection with the averments of the petition makes it sufficiently appear
that the judgment was for the plaintiff.
3. That the entering of judgment in the proper form on the docket and is-
suing execution thereon were ministerial duties of the justice, for the
non-performance of which an action will lie on his official bond.

MOTION for leave to file petition in error to reverse the
judgment of the District Court of Lorain county.

In the court of common pleas a general demurrer to the
petition was sustained, and judgment entered for the de-
fendants.

The district court, on error, reversed this judgment, and
gave judgment for costs for the plaintiff in the courts be-
low, who is defendant here.

Plaintiffs here, defendants in the courts below, by this
proceeding seek to obtain a reversal of the judgment of
the district court, and an affirmance of that of the court
of common pleas.

The action was brought on the official bond of a justice of
the peace on the alleged breach of the following condition
contained therein, viz. : That the said justice " shall also well
and truly perform every ministerial act that is enjoined
upon him by law by virtue of his said office." The justice

having died after the alleged breaches, his administrator and the sureties on the bond are sued jointly.

There was no objection taken to the form of the petition. The averments upon which the questions on demurrer arise are as follows:

"And the plaintiff further says that afterward, to-wit, on the 24th day of October, A. D. 1870, he recovered a judgment by the consideration of the said Rensselear Cooley as such justice of the peace in the sum of ninety dollars, and five dollars costs, against Charles Bashouser in an action then and there pending before said Rensselear Cooley as justice of the peace as aforesaid, wherein the said plaintiff herein was plaintiff, and the said Charles Bashouser was defendant; that immediately upon the rendition of said judgment, the said plaintiff requested and ordered said Rensselear Cooley as such justice of the peace to issue an execution against said Charles Bashouser to collect said judgment and costs; and the plaintiff still further says the said Rensselear Cooley as such justice of the peace failed and neglected to make any record of his said judgment, except as follows: 'Judgment $90,' in said cause, and failed and neglected to issue an execution on said judgment as he was by plaintiff requested and ordered to do, whereby and by reason of which plaintiff hath lost his said judgment and the money due and payable thereon. Plaintiff further says that by the failure and neglect of the said Rensselear Cooley as aforesaid, the said writing obligatory became and is broken."

*Hale & McLean*, for the motion:

I. The general allegation in the petition that the defendant in error recovered a judgment against Bashouser is not material, since the petition contains all the facts upon which such general allegation must rest. All that was done by the justice (independent of this general allegation) is fully set forth. He made no entry except "judgment $90."

When the petition contains a general allegation, and also

·discloses all the facts upon which such general allegation must rest, the two being inconsistent, the facts, and not the general averment, must be looked to in passing upon a demurrer to the petition. *Lea* v. *Robeson,* 12 Gray, 280; *Dillon* v. *Barnard,* 21 Wall. 430; 1 Otto, 536.

II. No judgment was rendered by the justice. "Judgment $90" is no judgment in favor of or against either party. There can be no valid judgment except there be an entry upon the docket of the justice. To render judgment is to enter it upon the docket. S. & C. 785, sec. 86; Ib., sec. 107; 2 Chand. (Wis.) 110; *McCarty* v. *Blake,* 4 W. L. Gaz. 200.

III. The failure to enter judgment is a failure to perform a judicial act, for which neither the justice nor his bondsmen is liable. 18 Ohio St. 544; *Wertheimer* v. *Howe,* 30 Mo. 420; 2 Chand. (Wis.) 110.


*C. W. Johnson,* contra :

I. If a justice fails and neglects to perform a ministerial act, he and his bondsmen are liable; but for a failure and neglect to perform a judicial act, neither are liable.

To hear and determine the rights between the parties to the action is purely a judicial act, and the final determination of those rights between the parties constitutes the judgment of the court. Code, secs. 262, 370; S. & C. 788, sec. 107 : 4 Ohio St. 593.

To enter such determination is merely ministerial. *Davis* v. *Shaw,* 1 Phill. (N. C.) 18; Freeman on Judgments, 35; *Hall* v. *Tuttle,* 6 Hill, 38; *Walrod* v. *Shuler,* 2 Comst. 134; *Fish* v. *Emmerson,* 44 N. Y. 377; *Mathews* v. *Houghton,* 11 Me. 377; 1 Disney, 113; 49 N. Y. 35.

If I am right, then the petition in this case states facts sufficient to constitute a cause of action when it avers a breach of the bond in failing to enter a judgment.

II. The neglect to issue execution was also a breach of ministerial duty. *Gaylord* v. *Hunt,* 23 Ohio St. 225; 25 Ohio St. 620.

GILMORE, J. The petition will be held sufficient, if it appears from its averments (1) that the judicial action of the justice in the case was complete; (2) that there was a judgment rendered for the plaintiff; and (3) that the justice neglected to perform his ministerial duties.

Under the provisions of our statute, the functions exercised by a justice in the conducting of a cause before him must almost necessarily be partly judicial and partly ministerial. Every act which he is required to perform involving consideration, judgment, or the exercise of a discretion, belong to the class first named; and in reference to these, the law will not permit his acts to be questioned in a civil action.

The other class embraces all manual or clerical duties, the performance of which is expressly required by law— such as docketing the cause, and recording therein everything that the law requires or directs to be entered, the issuing of executions, etc. For neglect in the performance of duties of this class, the justice will be held responsible on his official bond.

In this case, if the averments relating to the recovery and rendition of the judgment were to be separately considered, in order to determine whether the justice of the peace, in the case pending before him, as alleged, had rendered a judgment in favor of the plaintiff for ninety dollars and costs, the facts alleged, and admitted by the demurrer, would require an affirmative determination; for the facts stated would warrant the *inference* that both the judicial and ministerial duties of the justice had been fully performed in the manner required by law.

These averments, however, constitute only the premise for the assignment of breaches of the condition of the bond; and in doing this, the averments expressly negative the presumption that the justice had fully performed his ministerial duties in the case, by averring that he had " neglected to make any record of his said judgment, except as follows: ' Judgment $90.' " This averment also negatives the *inference* that the judgment in form had not

been entered upon the docket, but does not negative any direct averment of fact in reference thereto. The question now presented is : From all the facts stated in the petition, and admitted by the demurrer, can we say that the judicial action of the justice in the case was complete ? We think an affirmative answer may be given to the question. Although it is not distinctly stated that the words "judgment $90" are entered on the justice's docket, yet standing in the connection that they do, this intendment must be given to them ; and further, the words quoted will be taken in connection with the direct averments of the petition, and held to make it sufficiently appear that judgment was rendered for the *plaintiff*.

When the justice had heard and considered the case, and rendered judgment—*i. e.* determined the rights of the parties—his judicial action was complete and ended. We do not say that if the facts all rested in parol that they could be made available in leading us to this conclusion. But we place great weight upon the words "judgment $90," as they are found upon the docket of the justice. There is much more to be implied from, than is expressed in them. They significantly and distinctly express the idea, and announce the fact that a complete judicial conclusion had been reached, and the evidence of the fact, meager as it is, is found recorded in the proper place, and is at least *prima facie* evidence of the main fact sought to be established. The judgment having been rendered, or, in other words, the rights of the parties determined, the entering of the judgment on the docket in proper form, and the issuing of execution thereon, were ministerial duties, for the nonperformance of which an action will lie on the official bond of the justice, and breaches of the condition in these respects are distinctly averred.

The judgment of the court of common pleas sustaining the demurrer to the petition was properly reversed by the district court.

*Motion overruled.*