## VOID JUDGMENTS BY JUSTICES OF THE PEACE.

Common Pleas Court of Knox County.

EDWARD P. CRYSTAL v. JOSEPH D. TRIMBALL.

Decided, July 5, 1911.

*Judgment—Parol Announcement of, by a Justice of the Peace Without Entry Upon His Docket Not a Bar to a Future Action on the Same Cause—Section 10378.*

A justice of the peace in rendering judgment under the provisions of Section 10378, General Code, speaks only by his docket; from which it follows that a parol announcement by a justice of his conclusions in the case on trial before him without any memorandum or entry having been made on his docket, is not *res adjudicata* as to a subsequent action upon the same cause.

*Columbus Ewalt*, for plaintiff in error.
*Wm. M. Koons*, contra.

WICKHAM, J.

Error to justice of the peace.

This is a proceeding in error to reverse the judgment of Harry W. Koons, a justice of the peace in and for Clinton township, Knox county, Ohio.

The suit before the justice was brought by the defendant in error against the plaintiff in error to recover on an account for

goods sold and delivered to the plaintiff in error. The justice found for the defendant in error and rendered judgment in his favor against the plaintiff in error for the amount claimed in the bill of particulars. Plaintiff in error filed a motion for a new trial, which was overruled by the justice, to which he excepted, and filed his petition in error in this court to reverse that judgment.

The only ground upon which the plaintiff in error now claims the judgment ought to be reversed is that the basis of the action before the justice was *res adjudicata*.

At the conclusion of the trial before the justice, upon the request of the plaintiff in error, he found separately the facts and the law. The facts as found by the justice are now conceded by the plaintiff in error to be correct. The justice's findings of fact are:

"1. I do find from the evidence before me that on April 12, A. D. 1910, the plaintiff in this case filed a bill of particulars against the defendants in this case with Herbert C. Wood, a justice of the peace for Clinton township, Knox county, Ohio, on the identical cause of action sued on in this case; that on April 22, 1910, the plaintiff appeared and the defendant, Edward P. Crystal, in person and by counsel appeared, and that Pearl M. Crystal appeared by counsel before said Herbert C. Wood, and witnesses were sworn and examined before said justice, and the issues finally submitted to him. That on April 22, 1910, at the end of the examination of witnesses, said Herbert C. Wood announced his judicial decision on the issues in favor of the plaintiff for the full amount of his claim as against the defendant, Edward P. Crystal, and in favor of the defendant, Pearl M. Crystal, saying that as against her he dismissed the case. That thereafter, and up to the time of the filing of the bill of particulars herein before me, the said Herbert C. Wood failed and neglected to enter any judgment in said former case on his docket.

"2. I do find that the said Edward P. Crystal is indebted to the said Joseph Trimball for the amount claimed in the bill of particulars herein.

"3. I do find that the defendant, Edward P. Crystal, is the husband of the defendant, Pearl M. Crystal, and that the claim sued on is for necessaries furnished the defendants and their

family, and that the defendant, Edward P. Crystal, is able by his labor to support himself, his wife and their minor children."

Conclusions of law:

"1. The defendant, Edward P. Crystal, is liable to the plaintiff for the amount claimed, and the plaintiff should have a judgment therefor and the costs.

"2. The fact that a former suit was begun, trial had and the judgment announced in favor of the plaintiff against the defendant, Edward P. Crystal, and in favor of the defendant, Pearl M. Crystal, dismissing said case, is not a bar to a new action, inasmuch as said judgments were never entered on the justice's docket.

"3. The fact that the justice announced his judicial determination in the former action, but failed to enter it on his docket for more than nine months after the final submission of said case to him, rendered his judicial action a nullity.

"4. That this case should be dismissed as to Pearl M. Crystal for want of evidence to bind her as the wife of her co-defendant."

The sole question for determination by this court is whether the announcement by Justice Herbert C. Wood was the rendition of a judgment in the case tried before him, without any memorandum or entry thereof having been made on his docket.

Or, put in the form of an interrogatory, the question is: Can a valid judgment be rendered by a justice of the peace without any entry being made on his docket?

By General Code, 10378, a justice of the peace is required to enter judgment immediately upon the coming in of the verdict, if the cause is tried to a jury; or, if tried before the justice and he desires time to consider the case, on or before the fourth day after the case is submitted.

It is claimed by counsel for plaintiff in error that a judgment is rendered by a justice of the peace when he announces the fact that he will, or does, render judgment; that such announcement is a judicial act, and that the entry of the judgment upon his docket is a purely ministerial act. In other words, that the rendition of the judgment must be clearly distinguished from entering the judgment on the docket.

In the cases that bear upon the question decided by our Supreme Court, it does not seem that the court has made the distinction that counsel contend for here. It seems rather that the terms "rendered" and "entered" are used synonymously.

In *Robinson* v. *Kious*, 4 Ohio St., 594, Judge Thurman said, at page 596:

"The latter of these sections (now General Code, 10378). plainly required the justice, in this case, to render judgment, according to the verdict, immediately upon its return."

And in quoting the statute he said:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial," etc.

In speaking of the New York doctrine that the verdict of the justice's jury without a judgment upon it operated as a bar to a future action, he said that it could have no application in this state, and further:

"This for the reason that that doctrine rests upon the fact that a justice in the state has no power to award a new trial; hence a judgment follows a verdict there as a matter of course, and may for the purpose of an estoppel be considered as rendered, though not formally entered. But in this state a justice may upon a certain showing grant a new trial, and surely no judgment could be considered as constructively rendered in a suit discontinued for want of the necessary prerequisite to a judgment."

Again, in *Dunlap* v. *Robinson,* 12 Ohio St., 530, the court say, at page 534:

"If judgment be not rendered till a subsequent day, it would be at least irregular, and for that reason reversible: A justice of the peace can not, by neglecting or refusing to enter judgment within the time required by statute, keep an action indefinitely pending before himself."

In this case the trouble was the justice had not announced a judgment, and it is seen that the Supreme Court in its opin-

ion used both "enter" and "render" to express the same meaning.

In *Eaton* v. *French*, 23 Ohio St., 560, the court say, page 561:

"But the judgment was not rendered until eight days after the trial. Had the case been tried on its merits, the justice could then properly have rendered no other judgment than one of dismissal; for if he had entered judgment on the merits at that time, it would have been at least erroneous, and possibly of no validity whatever."

Again, on page 562, they quote the language of the statute:

"'must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive.' This language is. clear, specific, and peremptory. * * * Accordingly it was held in *Robinson* v. *Kious*, 4 Ohio St., 593, that a judgment rendered by a justice after the time allowed by the statute, was, for that reason, reversible."

From a consideration of these authorities, our conclusion is that a justice of the peace renders à judgment in the case before him when he makes the proper entry on his docket; that unlike a court of record he does not render a judgment by simply announcing what he will do, or at what conclusion he has arrived; that nothing but the justice's docket can show what the judgment is, and that his judgment can not rest in parol.

In *Fairchild* v. *Keith*, 29 Ohio St., 156, the justice of the peace had rendered a judgment for $90. It was contended in the Supreme Court in that case that no judgment had been rendered before the justice, and in speaking of the evidence before the court that the justice of the peace rendered a judgment they say:

"We do not say that if the facts all rested in parol that they could be made available in leading us to this conclusion. But we place great weight upon the words 'judgment $90,' as they are found upon the docket of the justice. There is much more to be implied from than is expressed in them. They significantly and distinctly express the idea, and announce the fact that a complete judicial conclusion had been reached, and the evidence of the fact, meager as it is, is found recorded in

the proper place, and is at least *prima facie* evidence of the main fact sought to be established.''

The language just quoted to our mind plainly indicates the opinion of the Supreme Court that parol evidence can not be relied upon to establish a judgment of the justice of the peace; that there must be some record evidence of a judgment, and the only record evidence of such judgment is the justice's entries on his docket.

Counsel has cited a decision of the circuit court, reported in *Sigler* v. *Shaffer,* 9 C.C.(N.S.), 267, but in that case the court say they did not decide the question.

A rule that would recognize a justice's judgment from expressions made by him at the close of a trial, would render such judgments too uncertain for all practical purposes, for it would be necessary to establish the judgment by parol evidence, and the parties in interest would have to rely upon the uncertain memory of witnesses who were present and heard the justice make the announcement.

The safer rule, we think, is the one that holds that a justice speaks only by his docket, and that his judgment in all cases tried before him is to be determined by the entries he makes in his docket.

From these conclusions it follows that the action upon the account was not barred by the trial before Justice Wood, and as no other error is claimed and none found by the court, the judgment of the justice, Harry W. Koons, is affirmed, with costs.